Mark S. Askanas (SBN 122745)
Dylan B. Carp (SBN 196846)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, California 94105
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
*askanasm@jacksonlewis.com*
*carpd@jacksonlewis.com*
Attorneys for Plaintiff
LIFETOUCH NATIONAL SCHOOL STUDIOS INC.

**UNITED STATED DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LIFETOUCH NATIONAL SCHOOL STUDIOS INC.,<br><br>Plaintiff,<br><br>v.<br><br>KIMBERLY MOSS-WILLIAMS, an individual; and Does 1 through 100, inclusive,<br><br>Defendants. | Case No. 10-05297 JF MED<br><br>**DISCOVERY DISPUTE JOINT REPORT # 1**<br><br>Complaint Filed: March 25, 2010<br>Trial Date: None Set |

This Joint Report addresses the issue of whether the deposition of Mark Lanterman, who is not an employee of Plaintiff but was designated by Plaintiff as its person most knowledgeable regarding various computer forensics issues, should occur in Hennepin County, Minnesota, the location of the deponent's residence and Plaintiff's headquarters and principal place of business, or in the Northern District of California, the location of this lawsuit and counsel for the parties. Lead Counsel for the parties met in person on Tuesday, July 26, 2011 at the office of Defendant's counsel, but were unable to resolve the location of the deposition. There is no discovery deadline or trial date.

The undersigned attest they complied with the Court's Standing Order Re: Civil Discovery Disputes

Dated: August ~~19~~ 22, 2011

Dylan B. Carp – Attorney for Plaintiff

Dated: August 19, 2011

Burton F. Boltuch – Attorney for Defendant

**I. Description of the dispute and the facts essential to understanding it**

The parties respectfully request the Court resolve the: whether the deposition of Plaintiff's person most knowledgeable regarding various computer forensics issues take place in Hennepin County, Minnesota, the location of the deponent's residence and Plaintiff's headquarters and principal place of business or take place in the Northern District of California, where this case is venued, where counsel for all parties are located and where the Defendant resides.

Lifetouch, a Minnesota corporation with its principal place of business in Hennepin County, Minnesota, provides school photography and related products to schools, students, and families in the San Francisco Bay Area. In August 2001, Defendant Ms. Moss commenced her employment with Lifetouch in the Bay Area as a sales representative, selling Lifetouch products and services in the Bay Area. Throughout her employment, Ms. Moss was employed exclusively in the Bay Area and did not travel to Minnesota for business nor did she perform any duties outside of the Bay Area. While employed by Lifetouch, she had access to lists of Bay Area schools under contract with Lifetouch, photography agreements with various Bay Area schools and other similar information. The parties dispute whether this information constitutes Lifetouch's trade secrets.

Lifetouch issued Ms. Moss a laptop computer to use while she was employed by Lifetouch. Ms. Moss contends that, during the weekend before she ended her employment at Lifetouch, she downloaded personal information on to a thumb drive that Lifetouch had supplied to her and had instructed her to use to do back-ups. Lifetouch asserts that Ms. Moss downloaded additional information on to the thumb drive, including (1) two lengthy contact lists, and (2) 3,750 pages of e-mails with attachments. Lifetouch alleges that among the documents are numerous Lifetouch trade secrets, including school agreements that disclose Lifetouch's commission structure, a list of participation percentages at all schools under contract, which shows the profitability of the accounts, and the cell phone numbers and e-mail addresses of school officials. On Monday, October 19, 2009,

Ms. Moss resigned and started working for Creative Imaging by Robert Garcia, Inc. Creative Imaging is a California corporation with its principal place of business in Pleasanton, California.

Lifetouch sued Ms. Moss in Alameda County Superior Court for misappropriation of trade secrets, breach of the duty of loyalty, interference with contract, and violation of the federal Computer Fraud and Abuse Act ("CFAA"). Ms. Moss later removed this action to federal court.

On March 1, 2011, Ms. Moss noticed the deposition of Lifetouch and set forth 32 categories for the person(s) most knowledgeable to cover. On March 21, 2011, Lifetouch served responses and objections. The requests, responses and objections are all contained in Exhibit A. Because one of the 32 separate categories asked for the person most knowledgeable regarding 22 separate paragraphs in the complaint, the notice essentially set forth 53 separate categories. Lifetouch designated its Territory Manager, Mark Burket, as the person most knowledgeable regarding all or a portion of 45 of the 53 separate categories. Mr. Burket has been and will be deposed in Oakland.

Lifetouch designated Mark Lanterman as its person most knowledgeable regarding all or a portion of 7 of the 53 separate categories--specifically, when, how and what did Ms. Moss download to the thumb drive and when, how and what did she delete from her laptop and Lifetouch's servers. Mr. Lanterman, who is not an employee of Lifetouch, is the Chief Technology Officer of Computer Forensic Services, located in Hennepin County, Minnesota. Mr. Lanterman has not traveled to the Northern District of California, for business or pleasure, within at least the last ten years.[1] Lifetouch designated Mr. Lanterman as its PMK regarding these issues because Lifetouch retained him to conduct a forensic examination of Ms. Moss's laptop shortly after she resigned her Lifetouch employment. However, Lifetouch has designated Mr. Burket as the PMK regarding the content of those documents.

## II. Each party's position

### A. Lifetouch's position

"The deposition of a corporation by its agents and officers should ordinarily be taken at its

[1] Lifetouch can obtain from Lanterman and provide the Court a declaration attesting to this fact if the Court desires. It has not done so because the Court's Standing Order Re: Civil Discovery Disputes states the only permitted exhibit is a copy of the discovery requests in issue and the responses to it.

principal place of business." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2112 at 533 (3d ed. 2010); *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 628 (C.D. Cal. 2005). This general rule applies to corporate plaintiffs, as well as to corporate defendants. *Cadent*, 232 F.R.D. at 628 (applying this principal to corporate plaintiff); *Aerocrine AB v. Apieron Inc.*, 267 F.R.D. 105, 108 (D. Del. 2010) (same). "This is subject to modification, however, when justice requires." *Cadent*, 232 F.R.D. at 628. "An important question in determining where to hold the examination is the matter of expense." *Id.* "The protective order rule, now Rule 26(c), was amended in 1970 to include protection from undue burden or expense as a ground for a protective order." *Id.* "In each case in which a motion for a protective order is made the court considers the facts, selects the place of examination, and determines what justice requires with regard to payment of expenses and attorneys' fees." *Id.* (brackets omitted).

Courts have identified a number of considerations when determining whether to depart from the "presumption" that a corporate party's deposition should be held at its principal place of business. *Id.* at 628-29. "These factors include location of counsel for the parties in the forum district; the number of corporate representatives a party is seeking to depose; the likelihood of significant discovery disputes arising which would necessitate resolution by the forum court; whether the persons sought to be deposed often engage in travel for business purposes; and the equities with regard to the nature of the claim and the parties' relationship." *Id.* at 629. Regarding the deponent's travel, the relevant inquiry is the extent of his or her travel to the noticed place of deposition, not travel in general. *Outsidewall Tire Litigation*, 267 F.R.D. 466, 473 (E.D. Va. 2010).

Lifetouch asserts that, in this case, the majority of these relevant considerations weigh in favor of an order requiring the deposition of Mr. Lanterman to take place in Minnesota, rather than the Northern District of California. First, being forced to travel to the Northern District of California would be a burden to Mr. Lanterman, who has not travelled to this District for business or pleasure at least within the last ten years. It would also be a financial burden to Lifetouch, who would be billed

for Mr. Lanterman's consulting time traveling to and from the Northern District of California.[2]

Second, during their meet and confer, neither counsel discussed the issue of discovery disputes at the July 26 meeting. Nevertheless, Lifetouch hereby stipulates that any discovery disputes in connection with the deposition of Mr. Lanterman may be resolved in this District.

Third, Lifetouch has already produced Mr. Burket to be the designated representative in this District regarding all or a portion of 45 of the 53 separate categories in Ms. Moss's deposition notice. Mr. Burket has been designated as the person most knowledgeable regarding the content of the documents that Ms. Moss took on the thumb drive and deleted from her laptop and Lifetouch's servers the weekend before she resigned her Lifetouch employment. Further, Lifetouch has already produced copies of the 3,750 pages of Lifetouch documents that Ms. Moss took on the thumb drive and a list of the files Ms. Moss deleted. Mr. Lanterman, in contrast, is being produced solely to testify regarding the computer forensics aspects of what Ms. Moss downloaded to the thumb drive and deleted the weekend before her resignation. Because Lifetouch alleges that Mr. Burket's testimony is more extensive and important than Mr. Lanterman's, the cost and inconvenience of having Mr. Lanterman's deposition in the Northern District of California would outweigh the importance of his testimony to the case.

Lifetouch concedes that, because counsel for the parties are both located in this District, that factor weighs against the requested relief.

Finally, Lifetouch contends the cost equities weigh in favor of the requested relief or are at worst neutral. Although Ms. Moss is an individual and Lifetouch is a corporation, that does not

[2] Ms. Moss appears to argue it will cost Lifetouch only $2,000 if Mr. Lanterman is deposed in the Northern District of California, but it will cost her $10,000 if Mr. Lanterman is deposed in Hennepin County, Minnesota. Ms. Moss's argument is erroneous for a number of reasons. First, her calculation appears to include the cost of travel for Lifetouch's counsel, which of course is not borne by Ms. Moss. Second, it is unclear why the cost associated with Ms. Moss and her counsel traveling to Minnesota should be *five times* the cost of Mr. Lanterman traveling to California. Third, Ms. Moss's estimate of $2,000 cost to Lifetouch appears arbitrary and unrealistic. According to a search of the travel website Travelocity.com, the cost of a roundtrip flight from Minneapolis to San Francisco is approximately $250. Mr. Lanterman bills his time at rates starting at $275 depending on the work performed, so using Ms. Moss's assumption of 30 hours billed time to Lifetouch, Mr. Lanterman will likely bill Lifetouch at least approximately $8,250. Assuming Mr. Lanterman would stay for three nights in a hotel at $250 per night, and incur $50 per day for meals for three days, the total cost to Lifetouch for having Mr. Lanterman deposed in the Northern District of California would be approximately **$9,400**.

mean the cost equities automatically weigh in her favor. First, Lifetouch suspects Creative Imaging, her current employer, is paying the cost of her defense. Both Ms. Moss and Creative Imaging have the same attorney. During her deposition, Lifetouch asked Ms. Moss whether Creative Imaging is paying for her defense, but she refused to answer on instruction of counsel. Second, Lifetouch has moved to add Creative Imaging as a defendant. Third, Robert Garcia, the owner of Creative Imaging, attended the court-connected mediation, presumably because Creative Imaging anticipated contributing to any settlement of this matter. Therefore, in reality, Lifetouch asserts, but Ms. Moss disputes, that Creative Imaging, not Ms. Moss, will likely bear any added costs of deposing Mr. Lanterman in Minnesota. Fourth, Ms. Moss had the opportunity to seek a less expensive method of deposing Mr. Lanterman, such as by telephone under Rule 30(b)(4), but has chosen not to explore any less expensive option. Lifetouch concedes that it has never offered this option to Ms. Moss.

During the meet and confer process, Ms. Moss indicated she intends to rely on the general rule that a plaintiff may be required to be deposed in the forum where the lawsuit is pending, because the plaintiff chose the forum. *See, e.g., Aerocrine*, 267 F.R.D. at 108. However, this general rule is not dispositive here, for three reasons. First, as noted above, courts have applied the "presumption" that corporate witnesses are to be deposed at the corporation's principal place of business, and have applied the factors described above, even where the corporation was a plaintiff who chose a forum different from its principal place of business.

Second, Lifetouch did not choose the Northern District of California; rather, Lifetouch chose Alameda County Superior Court. Ms. Moss chose this District when she removed the case to this District.

Third, the general rule that plaintiffs should be deposed in the forum district "is of lessened persuasiveness with the growing use of motions under Section 1404(a) of the Judicial Code to transfer litigation to a more convenient forum." 8A *Federal Practice and Procedure* § 2112 at 531. "If plaintiff has sued in a court far distant from home because the transactions in question occurred in that district, and a suit elsewhere would probably have been transferred in any event, the usual rule requiring plaintiff to come to the forum for his or her deposition seems inappropriate." *Id.*

"And if the plaintiff had no choice of forum to begin with, there seems very little reason to give weight to the selection of the forum as against facts indicating that another place for taking the deposition would be more just." *Id.*; *accord Kovalsky v. Avis Rent-A-Car*, 48 F.R.D. 453, 454 (D.P.R. 1969) (granting plaintiff's protective order to require her deposition to be taken in New Jersey, even though she sued in Puerto Rico, because the only venue for suit was Puerto Rico).

Here, the only venue for suit was the San Francisco Bay Area. Minnesota law provides that "[a]ll actions [other than those enumerated in other inapplicable sections] shall be tried in a county in which one or more of the defendants reside when the action is begun or in which the cause of action or some part thereof arose." Minn. St. 542.09. Here, neither Ms. Moss nor Creative Imaging reside in any county in Minnesota. Further, because Ms. Moss and Creative Imaging performed their wrongful acts in California, the causes of action Lifetouch has asserted arose in California, not in any county in Minnesota. Ms. Moss breached her duty of loyalty in California, misappropriated Lifetouch's trade secrets in California, interfered with Lifetouch's contracts in California, and violated the CFAA in California. Similarly, Creative Imaging misappropriated Lifetouch's trade secrets in California. *See Briggs Transportation Co. v. Ranzenberger*, 299 Minn. 127 (Minn. 1974) (cause of action for breach of contract arose in county where contract was executed and breached, not where plaintiff resided). Finally, even if Lifetouch's causes of action arose in Minnesota, Lifetouch is unaware of any facts indicating Minnesota courts would have personal jurisdiction over either Ms. Moss or Creative Imaging. *See International Shoe Co. v. Washington*, 326 U.S. 310 (1945) (absent presence, domicile, or consent, due process requires that defendant have minimum contacts with forum state such that maintenance of suit does not offend traditional notions of fair play and substantial justice).

For all of these reasons, the Court should issue an order requiring the deposition of Mr. Lanterman to take place in Hennepin County, Minnesota.

**B. Ms. Moss's position**

Based on all of the circumstances of this case, the person designated by Plaintiff Lifetouch as its PMK, in this case Mr. Lanterman, should be deposed in Northern California.

First, the deposition of Lifetouch's PMK is in actuality the deposition of Lifetouch. Lifetouch has designated Mr. Lanterman as its PMK on selected topics (forensic issues) Nevertheless, it is still Lifetouch that is being deposed. If Mr. Lanterman, whom Lifetouch asserts is a computer forensic "expert" was considered a non-party, that entity or person would have to be subpoenaed to appear. That clearly is not required nor is it necessary when Lifetouch designated Mr. Lanterman as its PMK to testify on Lifetouch's behalf. Both applicable federal and state authority (which is also relevant since Lifetouch originally filed suit in Superior court in California) support Ms. Moss' position.

Second, pursuant to federal authority, if the witness is a party (which it is here, because Lifetouch is the deponent), *a deposition may be noticed wherever the noticing party designates.* However, upon timely objection, the court may grant a protective order changing the place of deposition. Different rules often apply to deposing the plaintiff (who chose the forum) and deposing the defendant (who did not choose the forum). At no time has Lifetouch ever sought such a protective order and, if it did, Ms. Moss is confident that such a request for a protective order would be denied.

Applicable federal cases support Ms. Moss's position. Plaintiff generally must produce its witnesses in the district in which the plaintiff filed the action, "unless the plaintiff has shown financial hardship or inability to attend the deposition in that district." *Aerocrine AB v. Apieron Inc*., 267 F.R.D. 105, 108 (D. DE 2010); *In re Outsidewall Tire Litig,*. 267 F.R.D. 466, 471 (E.D. VA 2010) (plaintiff having chosen the forum district, courts are more willing to require plaintiff to appear there for depositions).

To overcome the presumption that a plaintiff be deposed in the forum district, "a foreign plaintiff must persuasively demonstrate that requiring him to travel to the forum district for his deposition would, for physical or financial reasons, be practically impossible, or that it would be otherwise fundamentally unfair." *In re Outsidewall Tire Litig*., *supra*, 267 F.R.D. at 471.

Thus, under the federal rules, Ms. Moss can and did notice Lifetouch's PMK deposition in California. The deposition notice stated that the deponent is Lifetouch, not the third party computer

forensic person (or company) that was designated. Since Lifetouch has objected to the location, it is Lifetouch's burden and responsibility to *unequivocally* demonstrate that requiring Lifetouch to travel to California for the deposition would, for physical or financial reasons, be impossible or unfair.

Third, the various "factors" mentioned by Lifetouch weigh in favor of the deposition occurring in the Bay Area. As Lifetouch concedes above, the first crucial factor is "the matter of expense". An examination of this factor weights in favor of the deposition occurring in Northern California. Lifetouch chose the forum (Northern California).[3] Lifetouch, a multi-state, company with gross receipts in the hundreds of millions or even billions of dollars, has more than sufficient funds to bring Mr. Lanterman to Northern California. Until August 15, Lifetouch NEVER supplied to Ms. Moss or her counsel any estimate as to the cost of having Mr. Lanterman travel to Northern California. But based on the cost figures finally supplied on August 15 and assuming economy airplane travel at a round trip cost of $250 (the cost as suggested by Lifetouch), two nights of hotel at a total of $450, miscellaneous travel and food expenses of $150 and ten hours of pay for the travel time at the rate of $275 per hour (assuming *arguendo* that Mr. Lanterman is not sleeping or doing other work while on the plane), **the total cost to bring Mr. Lanterman to California is approximately $3600.**[4] That cost must be compared to the cost of having one attorney for Lifetouch, one attorney for Ms. Moss and Ms. Moss travel to Minnesota – a cost for travel ($250 times three or $750), two nights of a hotel ($400 times three or $1200), meals and miscellaneous expense ($150 times three or $450) and travel time for Ms. Moss' attorney (ten hours at $695 per hour) with the cost to depose Mr. Lanterman in Minnesota.

Subtracting the expenses that Lifetouch will occur for its attorney traveling to Minnesota, **the cost to Ms. Moss for having the deposition in Minnesota is over $8,500** - $500 for travel ($250 times two - Ms. Moss and her counsel), $800 for hotels (Ms. Moss and her counsel for two nights

[3] Lifetouch's argument above that it did not choose the Northern District of California, but selected Alameda County Superior Court, is absurd. Alameda County Superior Court is in Northern California. Lifetouch chose a forum – Northern California whether that be state or federal court. Similarly, the discussion by Lifetouch regarding the more convenient forum is specious.

[4] No time should be considered for the preparation of Mr. Lanterman with Lifetouch's counsel or for the actual deposition time as these costs will be the same in Minnesota or California.

each), $300 for meals and miscellaneous expenses ($150 each) and $6,950 for ten hours of Ms. Moss' attorneys' travel time. Thus, comparing the actual costs for a deposition in Northern California with Minnesota results in the equities being in favor of the deposition occurring in Northern California - **$3,600 to over $8,500**. In addition, since Ms. Moss is a wage earner and Lifetouch is a multi-million, multi-state corporation, the equities are further skewed in having the deposition in California, the venue in which Lifetouch filed suit.

In this case, as Lifetouch concedes above, the second crucial factor is the location of counsel for the parties. Again this factor weighs in Ms. Moss' favor. Counsel for both parties are located in Northern California.

As Lifetouch concedes above, the third crucial factor is the equities with regard to the nature of the claim and the parties' relationship. This factor is also in Ms. Moss' favor. The deposition in question is the deposition of Lifetouch itself. Lifetouch chose to designate a non-employee as its PMK. Lifetouch cannot benefit from this decision. Lifetouch could have utilized an in-house forensics person or could have retained a non-employee or forensic entity located in Northern California.

Further, it is irrelevant that Mr. Burkett, the other designated PMK, has allegedly been designated as Lifetouch's representative for "45 of the 53 separate categories". The key issues in this case involve Mr. Lanterman's analysis and testimony – what he opines was allegedly downloaded by Ms. Moss, when this alleged downloading occurred, etc. It is Mr. Lanterman's testimony that will be key factor in the resolving this case.

Third, under applicable California law, if the entity sought to be deposed, in this case, Lifetouch, is a party to the action, it must be deposed within:

• 75 miles of its designated principal executive or business office i*n California*; or

• (at the option of the deposing party) in the county where the action is pending at a place within 150 miles of the entity's designated office. [CCP § 2025.250(b)]

Lifetouch has not designated a principal business or executive office in California. Nevertheless, its deposition may be taken, at the option of the deposing party (Ms. Moss), either

within 75 miles of any business office here or anywhere in the county where the action is pending. [CCP § 2025.250(d)]. It is not to be held in Minnesota.

Lifetouch must designate its "most qualified" officers or agents to testify on its behalf (CCP § 2025.230, ¶ 8:473). However, their residence is immaterial *because it is the entity's deposition that is being taken.* Thus, as long as the place of deposition is close enough to the corporation's principal office *or* where the lawsuit was brought, the officers or agents who will testify on its behalf may be compelled (to avoid exposing its employer to discovery sanctions) to travel from wherever they are located. *See Twin Lock, Inc. v. Sup.Ct. (Agron)* (1959) 52 C.2d 754, 759, 344 P.2d 788, 791—predating Discovery Act.

For all of these reasons and since Lifetouch cannot meets its burden, the deposition should proceed, as noticed in Northern California.

## III. Each party's final and "most reasonable" proposal for how the court should decide

### A. Lifetouch's proposal

The Court should order either that Mr. Lanterman's deposition take place in Hennepin County, Minnesota or that Mr. Lanterman's deposition take place in the Northern District of California but require Ms. Moss to pay for his air fare, room, and board and the consulting fee in connection with his deposition.

### B. Ms. Moss's proposal

The Court should order that Mr. Lanterman's deposition take place in Northern California.

DATED: August ~~19~~ 22, 2011

JACKSON LEWIS LLP

By: [signature]
Mark S. Askanas/Dylan B. Carp
Attorneys for Plaintiff

DATED: August 19, 2011

LAW OFFICES OF BURTON F. BOLTUCH

By: [signature]
Burton F. Boltuch
Attorney for Defendant

# EXHIBIT A

Mark S. Askanas (SBN 122745)
Dylan B. Carp (SBN 196846)
JACKSON LEWIS LLP
199 Fremont Street, 10th Floor
San Francisco, California 94105
Telephone: (415) 394-9400
Facsimile: (415) 394-9401
*askanasm@jacksonlewis.com*
*carpd@jacksonlewis.com*

Attorneys for Plaintiff
LIFETOUCH NATIONAL SCHOOL STUDIOS INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LIFETOUCH NATIONAL SCHOOL STUDIOS INC.,

Plaintiff,

v.

KIMBERLY MOSS-WILLIAMS, an individual; and Does 1 through 100, inclusive,

Defendants.

Case No. C10-05297 JF

**PLAINTIFF'S RESPONSE AND OBJECTIONS TO DEFENDANT'S NOTICE OF TAKING DEPOSITION OF PERSON MOST QUALIFIED TO TESTIFY ON BEHALF OF LIFETOUCH NATIONAL SCHOOL STUDIOS INC.**

TO DEFENDANT KIMBERLY MOSS-WILLIAMS AND HER ATTORNEYS OF RECORD:

Plaintiff LIFETOUCH NATIONAL SCHOOL STUDIOS INC. responds to and objects to Defendant's Notice of Taking Deposition of Person Most Knowledgeable on Lifetouch National School Studios Inc. as follows:

**OBJECTIONS TO DEPOSITION NOTICE**

**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**

Defendant's "Definitions and Instructions" make the categories and document requests vague, ambiguous, unintelligible, overbroad, harassing, burdensome, and oppressive.

**ATTACHMENT A**

**MATTERS FOR PERSON(S) MOST KNOWLEDGEABLE**

1. Lifetouch's hiring of Moss.

**Response:** Lifetouch designates Mark Burket to address this category.

2. Moss's compensation at Lifetouch.

**Response:** Lifetouch designates Mark Burket to address this category.

3. Moss's work performance at Lifetouch.

**Response:** Lifetouch designates Mark Burket to address this category.

4. Lifetouch's policies, procedures, rules, training manuals and/or practices regarding trade secrets and/or proprietary information.

**Response:** The category is vague, ambiguous and overbroad as to scope and time. Subject to and without waiving these objections, Lifetouch designates Mark Burket to address this category. If the category includes technical aspects of policies, procedures, rules, or practices, Lifetouch may also need to designate an individual located in Minnesota to address this category on a mutually convenient date.

5. Lifetouch's policies, procedures, rules, training manuals and/or practices regarding contracts with schools in the San Francisco Bay Area to provide and/or perform photography services.

**Response:** The category is vague, ambiguous and overbroad as to scope and time, and seeks confidential and proprietary information. Lifetouch will not designate an individual to address this category.

6. Lifetouch's relationship with Brent Bowen.

**Response:** Lifetouch designates Mark Burket to address this category.

7. Lifetouch's relationship with Calvin Harrell.

**Response:** Lifetouch designates Mark Burket to address this category.

8. Lifetouch's relationship with ABC Harrell Photography and/or ABC School Portraits.

**Response:** Lifetouch designates Mark Burket to address this category.

9. Photography services provided by and/or performed by Lifetouch to any San Francisco Bay Area school.

**Response:** The category is vague, ambiguous and overbroad as to scope and time, and

seeks confidential and proprietary information. Subject to and without waiving these objections, Lifetouch designates Mark Burket to address this category as to Granada High School, Northgate High School, Antioch High School, Liberty High School, and Carondelet High School.

10. Photography services provided by and/or performed by Lifetouch to Granada High School, Northgate High School, Antioch High School, Liberty High School, Carondelet High School or any other former or current customers of Lifetouch.

**Response:** The category is vague, ambiguous and overbroad as to scope and time, and seeks confidential and proprietary information. Subject to and without waiving these objections, Lifetouch designates Mark Burket to address this category as to Granada High School, Northgate High School, Antioch High School, Liberty High School, and Carondelet High School.

11. Photography services provided by Lifetouch to any former and/or current customers of CREATIVE IMAGING BY ROBERT GARCIA, INC. ("Creative Imaging") since January 1, 2008 to the present.

**Response:** The category is vague, ambiguous and overbroad as to scope and time, and seeks confidential and proprietary information. Subject to and without waiving these objections, Lifetouch designates Mark Burket to address this category.

12. Negotiations since January 1, 2008 to the present between Lifetouch and Granada High School, Northgate High School, Antioch High School, Liberty High School, Carondelet High School and/or any other former or current customers of Lifetouch to provide and/or to perform photography services to any or all of these schools.

**Response:** The category is vague, ambiguous and overbroad as to scope and time, and seeks confidential and proprietary information. Subject to and without waiving these objections, Lifetouch designates Mark Burket to address this category as to Granada High School, Northgate High School, Antioch High School, Liberty High School, and Carondelet High School.

13. Negotiations since January 1, 2008 to the present between Lifetouch and any former or current customers of CREATIVE IMAGING to provide and/or perform photography services to any or all of these customers.

**Response:** The category is vague, ambiguous and overbroad as to scope and time, and

seeks confidential and proprietary information. Subject to and without waiving these objections, Lifetouch designates Mark Burket to address this category.

14. Bids submitted by Lifetouch since January 1, 2008 to perform and/or provide photography services to Granada High School, Northgate High School, Antioch High School, Liberty High School, or Carondelet High School.

**Response:** The category is vague, ambiguous and overbroad as to scope and time, and seeks confidential and proprietary information. Subject to and without waiving these objections, Lifetouch designates Mark Burket to address this category.

15. Bids submitted by Lifetouch since January 1, 2008 to any former or current customers of CREATIVE IMAGING to provide photography services to any or all of these customers.

**Response:** The category is vague, ambiguous and overbroad as to scope and time, and seeks confidential and proprietary information. Subject to and without waiving these objections, Lifetouch designates Mark Burket to address this category.

16. Lifetouch's profits earned from providing and/or performing photography services to Granada High School, Northgate High School, Antioch High School, Liberty High School and/or Carondelet High School.

**Response:** The category is vague, ambiguous and overbroad as to scope and time, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary information. Plaintiff will not designate an individual to address this category.

17. Lifetouch's profits earned from providing and/or performing photography services to any former and/or current customers of CREATIVE IMAGING.

**Response:** The category is vague, ambiguous and overbroad as to scope and time, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary information. Plaintiff will not designate an individual to address this category.

18. All things of value Lifetouch gave and/or provided, since January 1, 2008, to Granada High School, Northgate High School, Antioch High School, Liberty High School and/or Carondelet High School.

**Response**: The category is vague, ambiguous and overbroad as to scope and time, and seeks confidential and proprietary information. Subject to and without waiving these objections, Lifetouch designates Mark Burket to address this category.

19. All things of value Lifetouch gave and/or provided, since January 1, 2008 any former or current customers of CREATIVE IMAGING.

**Response**: The category is vague, ambiguous and overbroad as to scope and time, and seeks confidential and proprietary information. Subject to and without waiving these objections, Lifetouch designates Mark Burket to address this category.

20. All information and/or documents Lifetouch alleges Moss took from Lifetouch, including but not limited to thumb drives and/or other electronic devices containing information and/or documents.

**Response**: The category is vague, ambiguous and overbroad as to scope and time, and seeks confidential and proprietary information. Subject to and without waiving these objections, Lifetouch designates Mark Lanterman to address evidence proving what Moss took on a mutually convenient date in Minnesota. Lifetouch also designates Mark Burket to describe what Moss took.

21. All information and/or documents Lifetouch alleges Moss allegedly gave to and/or provided to CREATIVE IMAGING, including but not limited to thumb drives and/or other electronic devices containing information and/or documents.

**Response**: The category is vague, ambiguous and overbroad as to scope and time, and seeks confidential and proprietary information. Subject to and without waiving these objections, Lifetouch designates Mark Lanterman to address evidence proving what Moss took on a mutually convenient date in Minnesota. Lifetouch also designates Mark Burket to describe what Moss took.

22. Lifetouch's oversight, supervision and/or governing of Moss during the time Lifetouch employed Moss.

**Response**: Lifetouch designates Mark Burket to address this category.

23. The maintenance, storage and/or preservation of any business records of Lifetouch

with respect to its operations in Northern California.

**Response:** The category is vague, ambiguous and overbroad as to scope and time, and seeks confidential and proprietary information. Subject to and without waiving these objections, Lifetouch designates Mark Burket to address this category.

24. Any and all employee handbooks and all other employee-related personnel policies governing the employment of any employees of Lifetouch in the San Francisco Bay Area.

**Response:** The category is vague, ambiguous and overbroad as to scope and time, and seeks confidential and proprietary information. Subject to and without waiving these objections, Lifetouch designates Mark Burket to address this category.

25. The policies, procedures, rules, training manuals and/or practices regarding information technology system(s) of Lifetouch.

**Response:** The category is vague, ambiguous and overbroad as to scope and time, and seeks confidential and proprietary information. Subject to and without waiving these objections, Lifetouch designates Mark Burket to address this category. If the category includes technical aspects of policies, procedures, rules, or practices, Lifetouch may also need to designate an individual located in Minnesota to address this category on a mutually convenient date.

26. The training and direction of Lifetouch with respect to retention and/or protection of trade secrets and proprietary information, as to any employee of Lifetouch in the San Francisco Bay Area from January 1, 2001 to the present, including but not limited to Moss.

**Response:** The category is vague, ambiguous and overbroad as to scope and time, and seeks confidential and proprietary information. Subject to and without waiving these objections, Lifetouch designates Mark Burket to address this category. If the category includes technical aspects of policies, procedures, rules, or practices, Lifetouch may also need to designate an individual located in Minnesota to address this category on a mutually convenient date.

27. The agreement(s) allegedly "altered" by Moss, including but not limited to any involving Antioch High School.

**Response:** Lifetouch designates Mark Burket to address this category.

28. Any alleged disparagement by Moss of Lifetouch as set forth in Paragraph 13 of the First Amended Complaint ("FAC") in this matter.

**Response:** Lifetouch designates Mark Burket to address this category.

29. The request of Moss by Lifetouch that Moss back up her computer to a thumb drive.

**Response:** The category is vague and ambiguous. Subject to and without waiving these objections, Lifetouch designates Mark Burket to address this category.

30. The alleged inducement by Moss to at least one high school to breach its contract with Lifetouch.

**Response:** Lifetouch designates Mark Burket to address this category.

31. The confidential and/or proprietary information to which Moss allegedly had access to, as set forth in Paragraph 7 of the FAC.

**Response:** The category is vague, ambiguous and overbroad as to scope and time, and seeks confidential and proprietary information. Subject to and without waiving these objections, Lifetouch designates Mark Lanterman to address evidence proving what Moss took on a mutually convenient date in Minnesota. Lifetouch also designates Mark Burket to describe what Moss took.

32. The allegations as set forth in Paragraphs 12, 14, 15, 16, 17, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 30, 31, 32, 33, 34, 37 and 38 of the FAC.

**Response:** The category is vague and ambiguous. Subject to and without waiving these objections, Lifetouch makes the following designations by paragraph:

12: Mark Burket;

14: Mark Burket;

15: Lifetouch designates Mark Lanterman to address evidence proving what Moss deleted on a mutually convenient date in Minnesota. Lifetouch also designates Mark Burket to describe what Moss deleted;

16: Lifetouch designates Mark Lanterman to address evidence proving what Moss took on a mutually convenient date in Minnesota. Lifetouch also designates Mark Burket to describe

what Moss took;

17: Mark Burket;

19: Mark Burket;

20: Mark Burket;

21: Mark Burket; if the category includes technical aspects of policies, procedures, rules, or practices, Lifetouch may also need to designate an individual located in Minnesota to address this category on a mutually convenient date;

22: Lifetouch designates Mark Lanterman to address evidence proving what Moss took on a mutually convenient date in Minnesota. Lifetouch also designates Mark Burket to describe what Moss took;

23: Lifetouch designates Mark Lanterman to address evidence proving what Moss took on a mutually convenient date in Minnesota. Lifetouch also designates Mark Burket to describe what Moss took

24: Mark Burket;

25: Mark Burket;

26: Mark Burket;

27: Mark Burket;

28: Mark Burket;

30: Mark Burket;

31: Mark Burket;

32: Mark Burket;

33: Mark Burket;

34: Mark Burket;

37: Mark Burket;

38: Mark Burket.

**ATTACHMENT B**

**DOCUMENTS TO BE PRODUCED**

1. All documents regarding prices charged by Lifetouch for photography services

performed and/or provided to Granada High School, Northgate High School, Antioch High School, Liberty High School and/or Cardondelet High School, since January 1, 2001 to the present.

**Response:** Objection on the grounds the request gave inadequate notice under the Federal Rules of Civil Procedure, is vague, ambiguous, overbroad as to time, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary information. Subject to and without waiving these objections, Lifetouch responds: Lifetouch will produce responsive information for January 1, 2008 to the present.

2. All documents regarding all things of value Lifetouch gave to these five schools, as set forth above in Paragraph 1, since January 1, 2001 to the present.

**Response:** Objection on the grounds the request gave inadequate notice under the Federal Rules of Civil Procedure, is vague, ambiguous, overbroad as to time, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary information. Subject to and without waiving these objections, Lifetouch responds: Lifetouch will produce responsive information for January 1, 2008 to the present.

3. All agreements for Lifetouch to provide and/or to perform photography services to any school in the San Francisco Bay Area since January 1, 2001 to the present.

**Response:** Objection on the grounds the request gave inadequate notice under the Federal Rules of Civil Procedure, is vague, ambiguous, overbroad as to time, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary information. Subject to and without waiving these objections, Lifetouch responds: Lifetouch will produce responsive information for Granada High School, Northgate High School, Antioch High School, Liberty High School and Cardondelet High School for January 1, 2008 to the present.

4. All documents regarding prices charged by Lifetouch for photography services performed and/or provided to any current and/or former customers of CREATIVE IMAGING BY ROBERT GARCIA, INC. ("Creative Imaging") since January 1, 2001 to the present.

**Response:** Objection on the grounds the request gave inadequate notice under the Federal Rules of Civil Procedure, is vague, ambiguous, overbroad as to time, is not reasonably

calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary information. Subject to and without waiving these objections, Lifetouch responds: Lifetouch will produce responsive information for January 1, 2008 to the present.

5. All documents regarding all things of value Lifetouch gave to any former and/or current customers of Creative Imaging since January 1, 2001 to the present.

**Response:** Objection on the grounds the request gave inadequate notice under the Federal Rules of Civil Procedure, is vague, ambiguous, overbroad as to time, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary information. Subject to and without waiving these objections, Lifetouch responds: Lifetouch will produce responsive information for January 1, 2008 to the present.

6. The personnel file of Moss.

**Response:** Objection on the grounds the request gave inadequate notice under the Federal Rules of Civil Procedure, is vague, ambiguous, overbroad as to time, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary information. Subject to and without waiving these objections, Lifetouch responds: Lifetouch will respond to this request.

7. All documents showing compensation paid to Moss by Lifetouch since January 1, 2001 to the present.

**Response:** Objection on the grounds the request gave inadequate notice under the Federal Rules of Civil Procedure, is vague, ambiguous, overbroad as to time, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary information. Subject to and without waiving these objections, Lifetouch responds: Lifetouch will respond to this request.

8. All of Lifetouch's policies, procedures, rules, training manuals and/or practices regarding trade secrets and/or proprietary information.

**Response:** Objection on the grounds the request gave inadequate notice under the Federal Rules of Civil Procedure, is vague, ambiguous, overbroad as to time, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary

information. Subject to and without waiving these objections, Lifetouch responds: Lifetouch will respond to this request.

9. All of Lifetouch's policies, procedures, rules, training manuals and/or practices regarding contracts with schools in the San Francisco Bay Area.

**Response:** Objection on the grounds the request gave inadequate notice under the Federal Rules of Civil Procedure, is vague and ambiguous. Lifetouch will not respond to this request.

10. All documents regarding Lifetouch's relationships and/or agreements to provide and/or perform photography services from January 1, 2001 to the present to Granada High School, Northgate High School, Antioch High School, Liberty High School and/or Cardondelet High School.

**Response:** Objection on the grounds the request gave inadequate notice under the Federal Rules of Civil Procedure, is vague, ambiguous, overbroad as to time, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary information. Subject to and without waiving these objections, Lifetouch responds: Lifetouch will respond to this request regarding the time period January 1, 2008 to the present.

11. Any and all contracts between Lifetouch and any school in the San Francisco Bay Area from January 1, 2001 to the present regarding Lifetouch providing and/or performing photography services for any or all of the schools set forth above in Paragraph 10.

**Response:** Objection on the grounds the request gave inadequate notice under the Federal Rules of Civil Procedure, is vague, ambiguous, overbroad as to time, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary information. Subject to and without waiving these objections, Lifetouch responds: Lifetouch will respond to this request regarding the time period January 1, 2008 to the present.

12. Any and all contracts between Lifetouch and/or any former or current customers of Creative Imaging.

**Response:** Objection on the grounds the request gave inadequate notice under the Federal Rules of Civil Procedure, is vague, ambiguous, overbroad as to time, is not reasonably

calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary information. Subject to and without waiving these objections, Lifetouch responds: Lifetouch will respond to this request regarding the time period January 1, 2008 to the present.

13. Any and all bids between Lifetouch and any school in the San Francisco Bay Area from January 1, 2001 to the present regarding Lifetouch providing and/or performing photography services for any or all of these schools.

**Response:** Objection on the grounds the request gave inadequate notice under the Federal Rules of Civil Procedure, is vague, ambiguous, overbroad as to time, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary information. Subject to and without waiving these objections, Lifetouch responds: Lifetouch will respond to this request regarding the time period January 1, 2008 to the present.

14. Any and all bids between Lifetouch and any former and/or current customers of Creative Imaging.

**Response:** Objection on the grounds the request gave inadequate notice under the Federal Rules of Civil Procedure, is vague, ambiguous, overbroad as to time, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary information. Subject to and without waiving these objections, Lifetouch responds: Lifetouch will respond to this request regarding the time period January 1, 2008 to the present.

15. All documents setting forth Lifetouch's profits earned from providing and/or performing photography services to Granada High School, Northgate High School, Antioch High School, Liberty High School and/or Carondelet High School.

**Response:** Objection on the grounds the request gave inadequate notice under the Federal Rules of Civil Procedure, is vague, ambiguous, overbroad as to time, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary information. Lifetouch will not respond to this request.

16. All documents setting forth Lifetouch's profits earned from providing and/or performing photography services to any former and/or current customers of Creative Imaging.

**Response:** Objection on the grounds the request gave inadequate notice under the

Federal Rules of Civil Procedure, is vague, ambiguous, overbroad as to time, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary information. Lifetouch will not respond to this request.

17. All information and/or documents Lifetouch alleges Moss took from Lifetouch, including, but not limited to thumb drives and/or other electronic devices containing information and/or documents.

**Response:** Objection on the grounds the request gave inadequate notice under the Federal Rules of Civil Procedure, is vague, ambiguous, overbroad as to time, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary information. Subject to and without waiving these objections, Lifetouch responds: Lifetouch will respond to this request.

18. All information and/or documents Lifetouch alleges Moss allegedly gave to and/or provided to Creative Imaging, including, but not limited to thumb drives and/or other electronic devices containing information and/or documents.

**Response:** Objection on the grounds the request gave inadequate notice under the Federal Rules of Civil Procedure, is vague, ambiguous, overbroad as to time, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary information. Subject to and without waiving these objections, Lifetouch responds: Lifetouch will respond to this request.

19. All employee handbooks and all other personnel policies and documents governing the employment of any employee of Lifetouch in the San Francisco Bay Area.

**Response:** Objection on the grounds the request gave inadequate notice under the Federal Rules of Civil Procedure, is vague, ambiguous, overbroad as to time, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary information. Subject to and without waiving these objections, Lifetouch responds: Lifetouch will respond to this request.

20. All of the policies, procedures, rules, training manuals and/or practices regarding information technology system(s) of Lifetouch.

**Response:** Objection on the grounds the request gave inadequate notice under the Federal Rules of Civil Procedure, is vague, ambiguous, overbroad as to time, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary information. Subject to and without waiving these objections, Lifetouch responds: Lifetouch will respond to this request.

21. All agreement(s) allegedly "altered" by Moss, including but not limited to any document involving Antioch High School.

**Response:** Objection on the grounds the request gave inadequate notice under the Federal Rules of Civil Procedure, is vague, ambiguous, overbroad as to time, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary information. Subject to and without waiving these objections, Lifetouch responds: Lifetouch will respond to this request.

22. All documents which relate to any alleged disparagement by Moss of Lifetouch, including, but not limited to, the disparagement alleged in Paragraph 13 of the First Amended Complaint ("FAC") in this matter.

**Response:** Objection on the grounds the request gave inadequate notice under the Federal Rules of Civil Procedure, is vague, ambiguous, overbroad as to time, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary information. Subject to and without waiving these objections, Lifetouch responds: Lifetouch will respond to this request.

23. All documents which relate to any alleged inducement by Moss to one or more schools to breach the school's contract(s) with Lifetouch.

**Response:** Objection on the grounds the request gave inadequate notice under the Federal Rules of Civil Procedure, is vague, ambiguous, overbroad as to time, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary information. Subject to and without waiving these objections, Lifetouch responds: Lifetouch will respond to this request.

24. All confidential and/or proprietary information to which Moss allegedly had

access to, including, but not limited to the allegations in Paragraph 7 of the FAC.

**Response:** Objection on the grounds the request gave inadequate notice under the Federal Rules of Civil Procedure, is vague, ambiguous, overbroad as to time, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary information. Subject to and without waiving these objections, Lifetouch responds: Lifetouch will respond to this request.

25. All documents which relate to any of the allegations in Paragraphs 12, 14, 15, 16, 17, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 30, 31, 32, 33, 34, 37 and 38 of the FAC.

**Response:** Objection on the grounds the request gave inadequate notice under the Federal Rules of Civil Procedure, is vague, ambiguous, overbroad as to time, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary information. Subject to and without waiving these objections, Lifetouch responds: Lifetouch will respond to this request.

26. All documents which relate and/or support any claim by Lifetouch for damages as alleged in the FAC.

**Response:** Objection on the grounds the request gave inadequate notice under the Federal Rules of Civil Procedure, is vague, ambiguous, overbroad as to time, is not reasonably calculated to lead to the discovery of admissible evidence, and seeks confidential and proprietary information. Subject to and without waiving these objections, Lifetouch responds: Lifetouch will respond to this request.

DATED: March 21, 2011

JACKSON LEWIS LLP

By: ______________________

Mark S. Askanas
Dylan B. Carp
Attorneys for Plaintiff
LIFETOUCH NATIONAL SCHOOL STUDIOS INC.

14834-3586-4072, v 1

**CERIFICATE OF SERVICE**

I, Bryana Schroder, declare that I am employed with the law firm of Jackson Lewis LLP, whose address is 199 Fremont Street, 10th Floor, San Francisco, California 94105; I am over the age of eighteen (18) years and am not a party to this action.

On March 21, 2011, I served the attached **PLAINTIFF'S RESPONSE AND OBJECTIONS TO DEFENDANT'S NOTICE OF TAKING DEPOSITION OF PERSON MOST QUALIFIED TO TESTIFY ON BEHALF OF LIFETOUCH NATIONAL SCHOOL STUDIOS INC.** in this action by placing true and correct copies thereof, enclosed in sealed envelope(s), addressed as follows:

| | |
|---|---|
| Michael G. Zatkin<br>King, King & Fishleder<br>555-12th Street, Suite 1440<br>Oakland, CA 94607-4085<br>Telephone: 510-844-3410<br>Fax: 510-444-3401<br>E-mail: mike@kkflaw.net | Attorneys for Defendant<br>KIMBERLY MOSS-WILLIAMS |
| Burton F. Boltuch<br>Law Offices of Burton F. Boltuch<br>555-12th Street, Suite 1440<br>Oakland, CA 94607-4046<br>Telephone: 510-844-3415<br>Fax: 510-444-3401<br>E-mail: bboltuch@workplacelaw.biz | Attorneys for Defendant<br>KIMBERLY MOSS-WILLIAMS |

[ **X** ] BY MAIL: United States Postal Service by placing sealed envelopes with the postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at San Francisco, California. **[( X )** ***Courtesy copy by e-mail.*****]**

[ ] BY HAND DELIVERY: I caused such envelope(s) to be delivered by hand to the above address.

[ ] BY OVERNIGHT DELIVERY: I caused such envelope(s) to be delivered to the above address within 24 hours by overnight delivery service. **[( )** ***Courtesy copy by e-mail.*****]**

[ ] BY FACSIMILE: I caused such document to be transmitted by facsimile from our fax number (415) 394-9401 to the fax number indicated above (by written agreement, confirming letter dated and signed MM/DD/YY).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on March 21, 2011, at San Francisco, California.

Bryana Schroder

4844-4022-2471, v. 1