**\*\* E-filed October 17, 2011 \*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LIFETOUCH NATIONAL SCHOOL STUDIOS INC., <br><br> Plaintiff, <br><br> v. <br><br> KIMBERLY MOSS-WILLIAMS, and individual, AND does 1-100, inclusive, <br><br> Defendant. | No. C10-05297 RMW (HRL) <br><br> **ORDER RE: DISCOVERY DISPUTE JOINT REPORT # 1** <br><br> **[Re: Docket No. 44]** |

On August 22, 2011, the parties in the above-captioned action filed Discovery Dispute Joint Report #1 (Docket No. 44, "Joint Report") to settle a dispute over where to depose Mark Lanterman. Defendant Moss-Williams named Lifetouch in her notice of deposition, and Lifetouch designated Lanterman, who is not an employee of Lifetouch, to testify as its representative for 7 of the 53 categories in the notice.[1] See Docket No. 44, p. 3. Lifetouch argues that Lanterman should be deposed in Hennepin County, Minnesota, where his business is located, while Moss-Williams argues that he should be deposed in this district, the forum for the action.

"The deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business." 8A Charles Alan Wright et al., Federal Practice and Procedure § 2112

---

[1] The parties' references to Lanterman as the "personal most knowledgeable" are inappropriate in federal court. Fed. R. Civ. P. 30(b)(6) permits a party to name a corporation as the deponent, and allows a corporation to designate one or more of its own agents or other persons who consent to testify. The term "person most knowledgeable" does not appear in the federal rules.

at 533 (3d ed. 2010). But, "as a general rule, 'plaintiff will be required to make himself or herself available for examination in the district in which suit was brought.'" HTC Corp. v. Tech Props., 2008 U.S. Dist. Lexis 103948, *3-4 (N.D. Cal. Dec. 16, 2008) (quoting Lexington Ins. Co v. Commonwealth Ins. Co., 1999 U.S. Dist. LEXIS 23428, at *9 (N.D. Cal. Sept. 17, 1999)). Several factors may weigh against the presumption that a corporation or its agent should be deposed at its principal place of business. These include (1) location of counsel for parties in the forum district, (2) the number of corporate representatives sought to be deposed, (3) the likelihood of significant discovery disputes that would necessitate resolution by the court, (4) whether the person to be deposed often travels for business purposes, and (5) the equities with respect to the claim and the parties' relationship. Cadent Ltd. V. 3M Unitek Corp., 232 F.R.D. 625, 628-29 (N.D. Cal. 2005). Additionally, "the matter of expense" to the parties is an important inquiry. Id. at 628 (quoting Wright, Miller & Marcus, Federal Practice and Procedure: Civil 2d § 2112 at 84-85 (1994 rev.)). To overcome its duty to appear in the forum district, "a foreign plaintiff must persuasively demonstrate that requiring him to travel to the forum district . . . would, for physical or financial reasons, be practically impossible, or that it would be otherwise fundamentally unfair." In re Outsidewall Tire Litig., 267 F.R.D. 466, 471 (E.D. VA 2010).

    Most of the above factors weigh in favor of holding the deposition in California, while only two of them weigh slightly in favor of deposing Mr. Lanterman in Minnesota. First, counsel for all parties are located in this district. Second, there are two corporate representatives to be deposed: Mr. Lanterman and Mark Burket, Lifetouch's Territory Manager. Docket No. 44, p. 3. Mr. Burket "has been and will be deposed in Oakland." Id. Third, equity does not favor one party over the other and so does not override the plaintiff's duty to be available for examination in the forum district. Finally, the overall cost of sending two attorneys to Minnesota is greater than the cost of bringing Mr. Lanterman to California. While Lifetouch argues that Mr. Lanterman's travel costs, including fees for time spent traveling, would constitute a burden, it would have to pay its own attorneys similarly if they had to travel to Minnesota. In short, Lifetouch has not "persuasively demonstrated" that the burden on it to produce Mr. Lanterman in this district is "fundamentally unfair." While the parties do not anticipate a likelihood of disputes that would require resolution by the forum court, and

Lifetouch states that Mr. Lanterman has not traveled to California for business in over ten years, these considerations are not sufficient to override Lifetouch's responsibility to be available for examination in this district. Finally, Lifetouch attempts to argue that since it had no choice but to bring suit in this district, the presumption favoring deposition in the district should not be given its usual weight. Docket No. 44, pp. 6-7. However, this court has heard this argument before, and finds it unconvincing. See HTC Corp. v. Tech. Props., 2008 U.S. Dist. LEXIS 103948, *4 (N.D. Cal. Dec. 16, 2008) ("'[The presumption] not only permits predictability . . . it also pragmatically permits the trial court to resolve disputes which may take place during the course of depositions without undue expenditure of time.'" (quoting Minnesota Mining & Manufacturing Co. v. Dacar Chemical Products, Co., 707 F. Supp. 793, 795 (W.D. Pa.1989))). The factors in favor requiring the deposition to take place in the forum district prevail.

Based on the record presented, the court finds that it will be least costly to have Mr. Lanterman's deposition occur in this district. The issue of who will pay the necessary costs remains. Lifetouch argues that the defendant should pay Mr. Lanterman's costs, but it offers no authority to support its argument. This court has previously required plaintiffs to pay costs for any witnesses it designates under Fed. R. Civ. P. 30(b)(6). See HTC Corp., 2008 U.S. Dist. LEXIS 103948 at *6.

Therefore, Mr. Lanterman shall be deposed in this district and Lifetouch shall bear all costs of Mr. Lanterman's travel, lodging, etc. for the purposes of the deposition.

**IT IS SO ORDERED.**

Dated: October 17, 2011

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C10-05297 RMW (HRL) N**otice **will be electronically mailed to:**

| | |
|---|---|
| Mark Slater Askanas | askanasm@jacksonlewis.com |
| Dylan B. Carp | carpd@jacksonlewis.com |
| Burton F. Boltuch | bboltuch@workplacelaw.biz |
| Michael G. Zatkin | mike@kkflaw.net |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**