**United States District Court**
For the Northern District of California

1    ** E-filed October 17, 2011 **

2

3

4

5

6

7                            NOT FOR CITATION

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                        SAN JOSE DIVISION

11   LIFETOUCH NATIONAL SCHOOL              No. C10-05297 RMW (HRL)
     STUDIOS INC.,
12                                          **ORDER RE: DISCOVERY DISPUTE**
             Plaintiff,                     **JOINT REPORT # 1**
13
       v.                                   **[Re: Docket No. 44]**
14
     KIMBERLY MOSS-WILLIAMS, and
15   individual, AND does 1-100, inclusive,

16           Defendant.
     _____/
17

18        On August 22, 2011, the parties in the above-captioned action filed Discovery Dispute Joint

19   Report #1 (Docket No. 44, "Joint Report") to settle a dispute over where to depose Mark Lanterman.

20   Defendant Moss-Williams named Lifetouch in her notice of deposition, and Lifetouch designated

21   Lanterman, who is not an employee of Lifetouch, to testify as its representative for 7 of the 53

22   categories in the notice.[1] See Docket No. 44, p. 3.  Lifetouch argues that Lanterman should be

23   deposed in Hennepin County, Minnesota, where his business is located, while Moss-Williams

24   argues that he should be deposed in this district, the forum for the action.

25        "The deposition of a corporation by its agents and officers should ordinarily be taken at its

26   principal place of business." 8A Charles Alan Wright et al., Federal Practice and Procedure § 2112

27   _____
     [1] The parties' references to Lanterman as the "personal most knowledgeable" are inappropriate in
28   federal court. Fed. R. Civ. P. 30(b)(6) permits a party to name a corporation as the deponent, and
     allows a corporation to designate one or more of its own agents or other persons who consent to
     testify. The term "person most knowledgeable" does not appear in the federal rules.

**United States District Court**
For the Northern District of California

1    at 533 (3d ed. 2010). But, "as a general rule, 'plaintiff will be required to make himself or herself

2    available for examination in the district in which suit was brought.'" <u>HTC Corp. v. Tech Props.</u>,

3    2008 U.S. Dist. Lexis 103948, *3-4 (N.D. Cal. Dec. 16, 2008) (quoting <u>Lexington Ins. Co v.</u>

4    <u>Commonwealth Ins. Co.</u>, 1999 U.S. Dist. LEXIS 23428, at *9 (N.D. Cal. Sept. 17, 1999)). Several

5    factors may weigh against the presumption that a corporation or its agent should be deposed at its

6    principal place of business. These include (1) location of counsel for parties in the forum district, (2)

7    the number of corporate representatives sought to be deposed, (3) the likelihood of significant

8    discovery disputes that would necessitate resolution by the court, (4) whether the person to be

9    deposed often travels for business purposes, and (5) the equities with respect to the claim and the

10    parties' relationship. <u>Cadent Ltd. V. 3M Unitek Corp.</u>, 232 F.R.D. 625, 628-29 (N.D. Cal. 2005).

11    Additionally, "the matter of expense" to the parties is an important inquiry. <u>Id.</u> at 628 (quoting

12    Wright, Miller & Marcus, <u>Federal Practice and Procedure: Civil</u> 2d § 2112 at 84-85 (1994 rev.)). To

13    overcome its duty to appear in the forum district, "a foreign plaintiff must persuasively demonstrate

14    that requiring him to travel to the forum district . . . would, for physical or financial reasons, be

15    practically impossible, or that it would be otherwise fundamentally unfair." <u>In re Outsidewall Tire</u>

16    <u>Litig.</u>, 267 F.R.D. 466, 471 (E.D. VA 2010).

17         Most of the above factors weigh in favor of holding the deposition in California, while only

18    two of them weigh slightly in favor of deposing Mr. Lanterman in Minnesota. First, counsel for all

19    parties are located in this district. Second, there are two corporate representatives to be deposed: Mr.

20    Lanterman and Mark Burket, Lifetouch's Territory Manager. Docket No. 44, p. 3. Mr. Burket "has

21    been and will be deposed in Oakland." <u>Id.</u> Third, equity does not favor one party over the other and

22    so does not override the plaintiff's duty to be available for examination in the forum district. Finally,

23    the overall cost of sending two attorneys to Minnesota is greater than the cost of bringing Mr.

24    Lanterman to California. While Lifetouch argues that Mr. Lanterman's travel costs, including fees

25    for time spent traveling, would constitute a burden, it would have to pay its own attorneys similarly

26    if they had to travel to Minnesota. In short, Lifetouch has not "persuasively demonstrated" that the

27    burden on it to produce Mr. Lanterman in this district is "fundamentally unfair." While the parties

28    do not anticipate a likelihood of disputes that would require resolution by the forum court, and

**United States District Court**
For the Northern District of California

1   Lifetouch states that Mr. Lanterman has not traveled to California for business in over ten years,

2   these considerations are not sufficient to override Lifetouch's responsibility to be available for

3   examination in this district. Finally, Lifetouch attempts to argue that since it had no choice but to

4   bring suit in this district, the presumption favoring deposition in the district should not be given its

5   usual weight. Docket No. 44, pp. 6-7. However, this court has heard this argument before, and finds

6   it unconvincing. See HTC Corp. v. Tech. Props., 2008 U.S. Dist. LEXIS 103948, *4 (N.D. Cal. Dec.

7   16, 2008) ("'[The presumption] not only permits predictability . . . it also pragmatically permits the

8   trial court to resolve disputes which may take place during the course of depositions without undue

9   expenditure of time.'" (quoting Minnesota Mining & Manufacturing Co. v. Dacar Chemical

10  Products, Co., 707 F. Supp. 793, 795 (W.D. Pa.1989))). The factors in favor requiring the deposition

11  to take place in the forum district prevail.

12      Based on the record presented, the court finds that it will be least costly to have Mr.

13  Lanterman's deposition occur in this district. The issue of who will pay the necessary costs remains.

14  Lifetouch argues that the defendant should pay Mr. Lanterman's costs, but it offers no authority to

15  support its argument. This court has previously required plaintiffs to pay costs for any witnesses it

16  designates under Fed. R. Civ. P.  30(b)(6). See HTC Corp., 2008 U.S. Dist. LEXIS 103948 at *6.

17      Therefore, Mr. Lanterman shall be deposed in this district and Lifetouch shall bear all costs

18  of Mr. Lanterman's travel, lodging, etc. for the purposes of the deposition.

19      **IT IS SO ORDERED.**

20  Dated: October 17, 2011

21                                          HOWARD R. LLOYD
                                            UNITED STATES MAGISTRATE JUDGE

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

1

**C10-05297 RMW (HRL)** N**otice will be electronically mailed to:**

2

Mark Slater Askanas            askanasm@jacksonlewis.com
Dylan B. Carp                       carpd@jacksonlewis.com

3

Burton F. Boltuch                 bboltuch@workplacelaw.biz
Michael G. Zatkin                 mike@kkflaw.net

4

**Counsel are responsible for distributing copies of this document to co-counsel who have not**

5

**registered for e-filing under the court's CM/ECF program.**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28