**United States District Court**
For the Northern District of California

**\*\* E-filed June 18, 2012 \*\***

1
2
3
4
5
6
7
8
9
10

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| LIFETOUCH NATIONAL SCHOOL STUDIOS, INC., | No. C10-05297 RMW (HRL) |
| Plaintiff, | **INTERIM ORDER RE: DISCOVERY DISPUTE JOINT REPORT #2** |
| v. | **[Re: Docket No. 65]** |
| KIMBERLY MOSS-WILLIAMS; ET AL., | |
| Defendants. | |

On March 6, 2012, the parties in the above-captioned action filed Discovery Dispute Joint Report #2 to settle a dispute over (1) whether plaintiff is entitled to conducting forensic imaging of all company computers owned by defendant Creative Imaging by Robert Garcia ("Creative"), and (2) if so, who should bear the cost. Dkt. No. 65 ("DDJR"). Lifetouch contends that the computers contain evidence that defendant Kimberly Moss-Williams brought Lifetouch's trade secrets to Creative, a rival company, when she left Lifetouch to take a job at Creative. Lifetouch further contends that Moss-Williams destroyed the thumb drive used to transport the proprietary data from a Lifetouch computer to Creative's computer(s), which constitutes evidence spoliation that justifies requiring the defendants to pay for the total cost of the forensic imaging, estimated to be between $315,000 and $350,000. Defendants assert that, while Moss-Williams did accidentally take some Lifetouch files when she left the company, she had no intent to steal trade secrets, took no data that constitutes a trade secret, and never uploaded any such information to Creative's computers or

otherwise gave proprietary data to Creative for use in its business. They further argue that being made to pay the entire cost of forensic imaging of all their computers would pose an undue burden due to the time and cost required.

The parties have offered to jointly establish a protocol for the forensic imaging, but have not yet agreed to any actual terms. They have indicated some willingness to share in the cost. While Lifetouch would prefer to use a forensic imaging specialist it has designated to be deposed as its representative in this action, the parties have also expressed a willingness to use a neutral third-party company to perform the forensic imaging.

LEGAL STANDARD

"It is not unusual for a court to enter an order requiring the mirror imaging of the hard drives of any computers that contain documents responsive to an opposing party's request for production of documents." Balboa Threadworks, Inc. v. Stucky, 2006 U.S. Dist. LEXIS 29265, *7 (D. Kan. Mar. 24, 2006) (citing Communications Center, Inc. v. Hewitt, 2005 U.S. Dist. LEXIS 10891, *3 (E.D. Cal., Apr. 5, 2005)). When a party is found to have engaged in spoliation of evidence, cost-shifting may be an appropriate sanction to the party to who spoliated evidence. See Genworth Fin. Wealth Mgmt. v. McMullan, 267 F.R.D. 443, 449 (D. Conn. 2010) (allocating 80% of the cost of computer mirror imaging to party who admitted to the court that he knowingly and intentionally spoliated evidence).

Cost-shifting is also appropriate when the discovery sought "imposes an 'undue burden or expense' on the responding party." Zubulake v. UBS Warburg LLC, 217 F.R.D. 309, 316-17 (S.D.N.Y. 2003) (quoting Fed. R. Civ. P. 26(c)). The burden or expense of discovery is "undue" when it "outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii). Zubulake established a seven-factor test to neutrally evaluate whether cost-shifting is warranted: "(1) the extent to which the request is specifically tailored to discover relevant information; (2) the availability of such information from other sources; (3) the total cost of production, compared to the amount in controversy; (4) the total cost of production, compared to the resources available to each party; (5)

United States District Court
For the Northern District of California

the relative ability of each party to control costs and its incentive to do so; (6) the importance of the issues at stake in the litigation; and (7) the relative benefits to the parties of obtaining the information." Zubulake at 322; see also Hynix Semiconductor, Inc. v. Rambus, Inc., 2006 U.S. Dist. LEXIS 98229, *32-34 (N.D. Cal. Mar. 2, 2006) (applying Zubulake's seven-factor test). Of these factors, the first and second are weighed most heavily, the third through fifth weighed less heavily. The sixth factor "rarely" comes into play, but has the potential to outweigh all other factors, and the seventh is least important, though it can weigh against cost-shifting when the responding party stands to gain a "tangible or strategic" benefit. Because the cost-shifting analysis is fact-intensive, it may be necessary to order supplemental briefing and/or to require the responding party to restore and produce responsive documents from a representative sample of the computers sought to be imaged. Zubulake at 324.

DISCUSSION

The DDJR presents several questions for this court's determination: (1) whether Lifetouch may compel Creative to allow a forensic imaging specialist to analyze its computers; (2) if so, whether Creative must supply all of its computers and all the data thereon, or some subset thereof; and (3) if forensic imaging occurs, which party should bear the cost. Additionally, the parties vigorously dispute whether or not Moss-Williams and/or Creative engaged in spoliation of evidence. The court must therefore analyze whether cost-shifting is appropriate (1) as a sanction to defendants for spoliation of evidence; (2) in light of an undue burden on defendants; (3) both; or (4) neither.

In compliance with this court's Standing Order re: Civil Discovery Disputes, the parties refrained from attaching documents that may help resolve this key factual issue. However, as in Zubulake, the cost-shifting analysis is a fact-intensive inquiry requiring a complete factual record. Unlike in Zubulake, this court faces an additional hurdle: first determining whether evidence spoliation occurred. Therefore, it is necessary to supplement the factual record before the court can determine whether and to what extent forensic imaging is warranted, and whether and to what extent cost-shifting is appropriate.

Accordingly, IT IS ORDERED THAT:

United States District Court
For the Northern District of California

3

**United States District Court**
For the Northern District of California

1.   Lifetouch shall file a statement "identify[ing] . . . with reasonable particularity" all trade secrets it alleges were stolen, in compliance with Cal. Code Civ. Proc. § 2019.210.

2.   Lifetouch shall produce the discovery requests aimed at obtaining documents that Moss-Williams took from Lifetouch and/or uploaded to Creative computers, as well as the discovery responses defendants provided to those requests;

3.   Lifetouch shall produce all evidence in support of its claim of evidence spoliation, including (1) relevant portions of the deposition testimony of Moss-Williams and Garcia, and (2) all communications Lifetouch sent to the defendants regarding the thumb drive or evidence preservation generally;

4.   Creative shall submit a declaration, by someone with firsthand knowledge, explaining: (a) what actions Creative took in generating its response to all discovery requests issued by Lifetouch regarding alleged Lifetouch trade secrets or proprietary information on Creative's computers; (b) where Creative looked for such information in its own files, computers, etc. and how it conducted those searches; and (c) whether and what communications occurred between Lifetouch and Creative regarding said discovery requests, including any communications that occurred after Creative submitted its discovery responses regarding the adequacy of the responses;

5.   Creative shall submit a declaration, by the person most knowledgeable, explaining: (a) the number and type of active computers it maintains; (b) whether and how its computers are networked; (c) whether and how, and how often it conducts backups of its computers; (d) how it stores and maintains its backup files; (e) the availability, number, and type of backup disks made from the time Moss-Williams began her employment with Creative to the present; and (f) a log of computers that were "recycled, wiped, or destroyed" since Moss-Williams began her employment with Creative, and whether and where Creative stores the data from any such computers.

The parties shall file and serve responses to the above prompts no later than July 2, 2012. Creative may file a response to Lifetouch's evidence in support of spoliation no later than July 9, 2012, including such exhibits as may be necessary. In addition, both parties are ORDERED to meet and

4

confer to discuss the specific terms of a protocol for conducting forensic imaging of Creative's computers, addressing in particular the need to balance Lifetouch's interest in searching for evidence with Creative's interest in protecting its own proprietary information from disclosure. The parties shall file a joint statement detailing their agreement, if any, no later than July 9, 2012. After reviewing the factual record, the court will conduct the appropriate cost-shifting analysis if necessary and may set a hearing if one is needed.

Dated: June 18, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5

**United States District Court**
For the Northern District of California

1

**C10-05297 RMW Notice will be electronically mailed to:**

2      Mark Slater Askanas          askanasm@jacksonlewis.com
       Dylan B. Carp               carpd@jacksonlewis.com
3      Burton F. Boltuch           bboltuch@workplacelaw.biz
       Michael G. Zatkin           mike@kkflaw.net
4

5      **Counsel are responsible for distributing copies of this document to co-counsel who have not
       registered for e-filing under the court's CM/ECF program.**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6